## Smith, Appellant, *v.* Philadelphia & Reading Railroad.

*Negligence—Railroads—Grade crossings—" Stop, look and listen."*

In an action against a railroad company to recover damages for personal injuries at a grade crossing, it is proper to enter a nonsuit where plaintiff's evidence shows that there were four tracks at the crossing, that she did not stop, look or listen before stepping on the first track, and that after starting upon the tracks she did not look when she could have seen the locomotive which struck her, or, if looking, took the chances of getting across in front of it.

Argued Jan. 2, 1894. Appeal, No. 230, Jan. T., 1893, by Alice Smith, from judgment of C. P. No. 2, Phila. Co., March T., 1891, No. 903, entering compulsory nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before HARE, P. J.

At the trial, it appeared that, on Feb. 19, 1891, between five and six o'clock in the evening, plaintiff was injured by being struck by a locomotive at the crossing of American and Somerset streets in the city of Philadelphia. At this point four tracks

are laid on American street, and a gate is maintained at the crossing. At the time of the crossing the gate was up. The watchman's box was about four feet from the first track on the west side. Plaintiff approached the crossing from the west, and, without stopping, went upon the track, and, while attempting to cross the last track, was struck by a locomotive shifter, running at a high rate of speed, without headlight or warning. Plaintiff's testimony describing the accident was as follows: "Q. What did you do to see if there was any train coming up or down? A. I stopped and looked. Q. Can you tell me where it was you stopped to look? A. I had crossed a couple of rails—a couple of tracks—I had crossed a couple or three. Q. You say you stopped to look. Where did you stop? A. I stopped in the middle of the track, of course. Q. Will you tell us what track it was you stopped on? A. I could not tell. Q. When you stopped did you see anything? A. No, sir. Q. Did you hear anything? A. No, sir. Q. Then you started to go over? A. Yes, sir."

A witness, Haines, who saw the accident, testified that when he first saw plaintiff on the track the engine which struck her was "just this side of Lehigh avenue," which was the next street below Somerset street.

The court entered a compulsory nonsuit and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*Joseph L. Tull*, for appellants, cited: Myers v. R. R., 150 Pa. 386; Aiken v. R. R., 130 Pa. 80; R. R. v. Killips, 88 Pa. 405; R. R. v. Frantz, 127 Pa. 307; Ellis v. R. R., 138 Pa. 506; Newhard v. P. R. R., 153 Pa. 417; McGill v. R. R., 152 Pa. 331; Urias v. R. R., 152 Pa. 326; Smith v. R. R., 158 Pa. 83; Ely v. R. R., 158 Pa. 233.

*Gavin W. Hart*, for appellee, cited: Myers v. R. R., 150 Pa. 386; R. R. v. Boyer, 97 Pa. 91; Greenwood v. R. R., 124 Pa. 572; R. R. v. Frantz, 127 Pa. 297; Ehrisman v. Ry., 150 Pa. 180; Wheelahan v. Traction Co., 150 Pa. 187; Weimer's Railroad Law, 554; Hauser v. R. R., 147 Pa. 440; Lees v. R. R., 154 Pa. 46.

OPINION BY MR. JUSTICE MITCHELL, March 5, 1894:

There were but two witnesses who testified as to the circumstances of the accident, the plaintiff and Haines. The plaintiff does not state that she either stopped, looked or listened before entering on the railroad crossing, though there was ample room, being space enough for four tracks, an unobstructed view at least in the direction from which the engine came, and it was light enough for the other witness Haines to see distinctly. What the plaintiff does say is very indefinite. "I had crossed a couple of tracks, or three. . . . Will you tell us what track it was you stopped on? I could not tell." The other witness Haines, says he saw the engine "just this side of Lehigh avenue," which was the next street below Somerset, where the accident took place. For nearly if not quite a square therefore the engine was in sight of plaintiff, if she had looked. It was negligence in the first place to enter on the crossing without looking, and even after having started to cross, there is no room for any other deduction from the evidence than that the plaintiff did not look when she could have seen, or looking, took the chances of getting across in front of an engine in plain view.

Judgment affirmed.